Mrs. H. Ritchie, Appellant, v. W. J. Zalesky, *et al.*

Intoxicating Liquor Nuisance: CONSTRUCTION OF STATUTE. A room, with one entrance opening into the street, and another opening into an office, which has an exit upon another street, is not "a single room having but one entrance or exit, and that opening upon a public business street," within Acts Twenty-fifth General Assembly, chapter 62, section 17, sub-division 3, authorizing liquors to be sold or kept for sale in such room, under certain conditions.

Same: *Wholesaler.* Acts Twenty-fifth General Assembly, chapter 62, section 17, sub-division 3, declaring, that the bar, where liquors are furnished, shall be in plain view from the street, unobstructed by screens, blinds, and so forth, applies not only to retailers, but to wholesale dealers, who give away liquors by the glass, to be drunk on the premises.

Burden of proof under mulct law. Since the general law prohibiting the sale of intoxicating liquors, is still in force, a defendant, who, in an action to enjoin such sales, relies on Acts Twenty-fifth General Assembly, chapter 62, authorizing liquors to be sold under certain conditions, must show compliance therewith.

*Appeal from Cedar Rapids Superior Court.*—Hon. T. M. Giberson, Judge.

Tuesday, May 26, 1896.

Action in equity to enjoin the keeping for sale and selling of intoxicating liquors, and for the abatement of an alleged nuisance. There was a hearing on the merits, and a decree in favor of the defendants. The plaintiff appeals.—*Reversed.*

*John A. Reed* and *Rickel & Crocker* for appellant.

*Preston, Wheeler & Moffit* for appellees.

ROBINSON, J.—The defendant, the Anheuser-Busch Brewing Association is a corporation, and maintains a wholesale liquor establishment in a building on lot 10 in block 4, of Carpenter's first addition to Cedar Rapids, and the defendant, Zalesky, is its agent in the management of its business. The plaintiff claims that intoxicating liquors have been kept in the building with intent to sell them therein in violation of law, and that they have been sold therein in violation of law. The defendants admit that beer was kept and sold in the building, but claim that it was rightfully so kept and sold under authority obtained by virtue of chapter 62, of the acts of the Twenty-fifth General Assembly. The superior court found that the defendants had been duly authorized under that chapter to do whatever they had done, and that they had not violated the law. The petition was dismissed, and the costs of the action were adjudged to be paid by the plaintiff.

I. Section 1, of chapter 62, of the Acts of the Twenty-fifth General Assembly provides that: "There shall be assessed against every person, partnership or corporation, other than registered pharmacists holding permits, engaged in selling, or keeping with intent to sell, any intoxicating liquors, and upon any real property of the owner thereof, within and whereon intoxicating liquors are sold, or kept with intent to sell, in this state, a tax of six hundred dollars per annum. All such taxes shall be a perpetual lien upon all property, both personal and real, used in or connected with the business." Section 17 of the act provides for the payment of the tax quarterly in advance in cities having a population of five thousand

or more inhabitants. It further provides that "such payment shall, upon the following conditions, be a bar to proceedings under the statute prohibiting such business: "(3) Said selling, or keeping for sale, of intoxicating liquors shall be carried on in a single room, having but one entrance or exit, and that opening upon a public business street. The bar where liquors are furnished shall be in plain view from the street, unobstructed by screens, blinds, painted windows, or any other device. * * *" At the time in question, Cedar Rapids contained about twenty thousand inhabitants. The building in which the beer in controversy was kept contained an office, a small room used for advertising purposes, and a room or refrigerator about twelve by twenty feet in size, large enough to contain ten or twelve tons of ice, and a quantity of beer in barrels, although we understand the ice room was in some manner separated from the storage room. There was also a hall or passage way. An outside door opened into the office, and a door from that opened into the part of the building where the ice and beer were kept. An outside door also opened into the same part of the building. It is clear that the keeping for sale, and the selling of the beer, were not carried on in a single room, having but one entrance or exit, and that opening upon a public street. If the part of the building in which the beer was kept be treated as a single room, it did not conform to the law, for the reason that it had one entrance opening into one street, and another opening into the office, and through that into another street. Three windows were furnished with outside shutters, which, when closed, obstructed the view through the windows. Beer was sometimes served on the premises to persons who were expected to purchase, but, as a rule, was sold only by the keg, or in bottles, by the case. It is said that the requirements

of the statute, that the bar shall be in plain view from the street, unobstructed by screens, blinds, painted windows, or other device, has no application to wholesale dealers, and need not be observed by them. The answer to this is that the defendant is shown to have given away liquors by the glass, to be drunk on the premises, and by so doing, made sales, within the meaning of section 22, of the act cited. No distinction is made by the statute between wholesale and retail dealers. Each is required to keep for sale and sell the liquors in which he deals, in a single room, which must fulfill the requirements of the statute. The evidence shows clearly that the defendants did not keep the beer and make the sales in question in a room of that kind. The defendants have also failed to show that the tax required by the statute has been paid. The law of this state prohibiting the keeping for sale and selling of intoxicating liquors, excepting by authorized persons, for specified purposes, has not been repealed, and the burden was upon the defendants to show facts which constituted a bar to this proceeding. *State v. Van Vliet*, 97 Iowa, 387 (61 N. W. Rep. 241). That they have failed to do, and the judgment of the superior court must be reversed.

II. The appellant asks the allowance of an attorney's fee for the prosecution of this case, and the sum of one hundred dollars is allowed for that purpose, as compensation for services rendered in the superior court and in this court.—REVERSED.