STATE OF IOWA V. J. A. PRESSMAN, *et al.*, Appellants,
and thirty-one like cases.

'103  449
107  647
103  449
108  136
103  449
117  636
103  449
120  155

**Mulct Law:** CONSENT OF VOTERS.  Section 17, chapter 62, Acts of
the Twenty-fifth General Assembly, provides, among other
things, that the payment of a specified tax, and filing with the
county auditor of a written consent to the sale of liquor, signed
by a majority of the voters of a city, shall, upon the "following
conditions," be a bar to proceedings under the statute prohibiting
such sale.  One of the succeeding conditions is the filing with the
auditor of a copy of a resolution of consent of the city council.
*Held*, that the action of the city council in passing such a resolu-
tion is not a determination of the sufficiency of the statement of
consent signed by the voters, which will protect it from collateral
attack in a suit to enjoin a liquor nuisance.

EVIDENCE.  In an action involving the sufficiency of such statement
of consent, the best evidence of who were legal voters of the city
at the last election is the poll books and registration lists of that
election, although they are not records in such sense, as that they
may not be attacked for fraud.

GRANGER, J., dissenting.

*Appeal from Polk District Court.*—HON. W. A. SPUR-
RIER, Judge.

SATURDAY, OCTOBER 23, 1897.

ACTION to enjoin the maintenance of a nuisance
in keeping and selling intoxicating liquors. The peti-
tion is in the usual form. The answer, in addition to a
general denial, alleges compliance with all the condi-
tions of chapter 62 of the Acts of the Twenty-fifth Gen-
eral Assembly; and that, before engaging in the busi-
ness of keeping or selling intoxicating liquors, the city
council of Des Moines, acting as a license board, passed
upon the statement of consent, and determined it to be
sufficient, and adopted a resolution consenting that said
business be conducted within the city; and that, owing

to the action of the city council, the court is not authorized to investigate the facts concerning said statement. Decree being entered as prayed, defendants appeal.—— *Affirmed.*

    *C. H. Sweeney* and *E. T. Morris* for appellants.

    *J. J. Davis* and *Harvison & Mershon* for the state.

    LADD, J.—It is conceded that this case cannot be tried *de novo* in this court, for the reason that all the evidence is not contained in the abstract. Several errors are assigned, only two of which are argued. The first is thus stated by the appellant: Did the city council determine the validity or sufficiency of the petition or statement of consent when it granted the resolution of consent to the defendants? The determination of this question involves the construction of portions of section 17 of chapter 62 of the Acts of the Twenty-fifth General Assembly, which are here set out: "Sec. 17. In any city of five thousand or more inhabitants, the tax hereinbefore specified may be paid quarterly in advance on the first days of January, April, July, and October, of each year, and after a written statement of consent, signed by a majority of the voters residing in said city, who voted at the last general election, shall have been filed with the county auditor, such payments shall, upon the following conditions, be a bar to proceedings under the statute prohibiting such business: (1) The person appearing to pay the tax shall file with the county auditor, a certified copy of a resolution regularly adopted by the city council, consenting to such sales, and a written statement of consent from all the resident freeholders within fifty feet of the premises where said business is carried on. But in no case shall said business be conducted within three hundred feet of any church or

school house." The second condition requires the filing
of a bond, approved by the clerk of the district court,
with the county auditor. Then follow eight other sub-
divisions relating to the place and manner of conduct-
ing the business, and another relating to the payment
of the tax. The filing of the statement of consent and
the payment of the tax are independent of the condi-
tions operating as a bar,—the basis, as it were, without
which these would be of no avail. Only after such state-
ment has been filed and the tax paid will compliance
with the conditions be considered. If this has been
done, then, by observing every condition mentioned in
the eleventh subdivision of the section, including the
filing of "a certified copy of the resolution regularly
adopted by the city council, consenting to such sales,"
such payment becomes a bar, and not otherwise. The
statement must be filed with the county auditor, and
his action filing it is ministerial only. *State v.
Ashert,* 95 Iowa, 210. The members of the city
council have only such right to inspect it when
so filed as is accorded to citizens generally. Section 21.

If it had been intended that the council pass upon
the sufficiency of the statement of consent, why file it
with the county auditor, instead of the city clerk? No
more importance is attached to the filing of a copy of a
resolution of consent as a condition than the written
consent from resident freeholders owning property
within fifty feet of the premises where the business is
to be carried on, or the filing of the bond approved by
the clerk, except that the council may withdraw its con-
sent. Section 19 provides that "whenever any of the
conditions of this act shall be violated, or whenever the
city council or trustees of the incorporated town shall,
by a majority vote, direct it, or whenever there shall be
filed with the county auditor a verified petition signed

by a majority of the voters of said city, town, or county as the case may be, as shown by the last general election, requesting it," then the bar shall cease. This would occur without any action on the part of the council if the verified petition referred to were filed with the county auditor. If the council is required to pass upon the sufficiency of the statement of consent, why not upon that of the petition withdrawing consent? Certainly, that of withdrawing consent is quite as important to the welfare of the city.

It is urged that somebody should determine whether the statement has a sufficient number of signatures, and has been properly prepared. There is no greater necessity for this than that compliance with other conditions named be adjudicated in advance. The party engaging in this business is required to know that all the conditions have been complied with, and must plead and prove compliance therewith in order to avail himself of the bar. *State v. VanVliet*, 97 Iowa, 387; *Ritchie v. Zalesky*, 98 Iowa, 589. Section 18 of the act fixes the condition on which any city or town of less than five thousand inhabitants may come within the provisions of section 17, heretofore referred to. Under the rule contended for, each council of such city or town, in adopting a resolution of consent, must pass upon the sufficiency of the statement filed with the county auditor. Municipal councils are not free from the infirmities which beset the rest of mankind, and might well be expected to reach different conclusions upon a question so closely touching the preference, sentiment, or prejudice of every citizen. An adjudication of an issue by one tribunal of original jurisdiction, not appealed from, has heretofore been deemed quite enough to end a controversy. Here it is insisted there shall be as many adjudications, all conclusive, upon the one identical issue,—that of the sufficiency of the

statement of consent,—as there are cities and towns
with less than five thousand inhabitants in the county.
Such an anomaly was never intended. Nor could it be
expected that councilmen would make the needed
investigation necessary for the ascertainment of the
truth when the law does not expressly require it. The
decision in *State v. Forkner*, 94 Iowa, 733, rests on the
ground that the liquor traffic is placed under the control
of the municipalities of the state, in the exercise of the
police power. The council may prevent such traffic
by withholding its consent thereto, or discontinue it by
withdrawing such consent after given. It may levy
and collect additional taxes, and adopt rules and ordi-
nances for the regulation of the traffic not inconsistent
with the act. The statement of consent is only a condi-
tion precedent to the exercise of such control. Cases
are cited in which statutes are considered requiring an
election to be ordered by the board of supervisors or
township trustees when a petition is filed by a certain
proportion of the electors. The ground on which it is
held that such petition may not be investigated in a
collateral attack in subsequent proceedings is well
stated in *Ryan v. Varga*, 37 Iowa, 78: "The petition for
the vote stands in substantially the same relation to the
subsequent proceedings as an original notice or sum-
mons does to the proceedings which it inaugurates. If
it is defective in fact, but is adjudged sufficient by the
tribunal having jurisdiction to decide upon it, such
adjudication becomes conclusive until reversed or set
aside upon an appeal, writ of error, *certiorari*, or the
like." The petitions in such cases are presented to the
body which, in ordering an election, necessarily passes
upon their sufficiency. The action of the city council
is not in terms made dependent on the filing of the
statement, while the order for an election can only be
made upon the filing of a proper petition. The state-
ment is filed with an officer not officially connected with

the duties devolving upon the council, nor is it subject to its inspection except in the office of another municipality, often located at a considerable distance. Had the legislature intended to so place the burden of investigation, it certainly would have provided ready access to, and the use of, necessary papers, and a method of procedure. Clearly, such was not the intention, but, rather, that the person engaging in the liquor traffic know at his peril that all the prerequisites and conditions required by the law have been fully complied with. By section 2450 of the Code, adopted since the submission of this case, the board of supervisors of the county is authorized to pass upon the statement of consent, thus confirming by legislative construction the conclusion we have reached.

II. The court held that the poll books and registration lists were the best evidence of who were at the election. The registration laws of this state are strict and explicit. No ballot can be received at a general election in a city of over two thousand, five hundred inhabitant unless the name of the person offering it be on the registry; and, if any is so received, it is void, and must be rejected when the result of the election is involved. Acts Twenty-first General Assembly, chapter 161, section 8. But, for certain reasons, an elector who has not previously registered may procure a certificate of registration on the day of election, and cannot vote without so doing. The lists and certificates are carefully preserved for eighteen months. The name of each person, when his ballot is received, is entered on two poll books, one of which is filed with the county auditor, and becomes a part of the records of his office. The registration lists and the poll books, prepared with such care, when duly authenticated, and coming from the proper custodian, are the best evidence of who cast the

ballots at the election. 6 Am. & Eng. Enc. Law, 427, and cases cited; *Dixon v. Orr*, 49 Ark. 238 (4 S. W. Rep. 774); Paine, Elections, 756. This, of course, does not mean that they are records in such a sense that they may not be attacked on the ground of fraud. We discover no error in the rulings of the district court, and its decree must be AFFIRMED.

GRANGER, J., dissents.