Frank Bartel, Plaintiff, v. A. N. Hobson, Judge, Defendant.

**Contempt:** INFORMATION. *Contempt for violating a liquor injunction is sufficiently charged against a defendant by an information which states that he sold liquor unlawfully by himself or agent, that defendant made certain illegal sales and, also, that he committed such acts as agent.*

DECREE. *Where the defendant is in court when a decree is rendered, a decree which states that an injunction against selling liquor ought to issue, directs its issuance and orders and decrees that defendant is enjoined from selling, is self executing and its violation is a contempt though no formal injunction has issued.*

**Mulct Law.** *An insufficient statement of consent is no defense to prosecution for selling liquor though the seller believed, in good faith, that the consent filed was sufficient.*

SAME. *Where one takes orders for beer in saloons and fills them with beer stored in a house separated from the street by a railroad right of way, delivery and payment being made in said saloons, he is not selling "in a single room having but one entrance or exit and that opening upon a business street" as is authorized by the mulct law under certain conditions.*

WEDNESDAY, APRIL 5, 1899.

PROCEEDING by *certiorari* for the review of an adjudication by the district court of Winneshiek county by which the plaintiff was found guilty of contempt, and required to pay a fine and costs.—Judgment *affirmed.*

*Dan Shea* and *John B. Kaye* for plaintiff.

*E. R. Acres* and *E. W. Cutting* for defendant.

ROBINSON, C. J.—The record submitted to us shows the following facts: In November, 1894, in an action in equity in which J. L. Cameron was plaintiff, and C. & J. Michel, C. Michel, J. Michel, Frank Barth, and another were made defendants, the defendants named were found to have created a nuisance by maintaining a place for the illegal sale of intoxicating liquors, and by selling therein such liquors illegally; and it was further found "that a perpetual injunction ought to issue against the defendants" above named, "forever restraining them" from selling illegally, or keeping with intent to sell illegally, intoxicating liquors in the place which they had maintained, or elsewhere within the Thirteenth judicial district, and from permitting that place to be used as a place in which to sell or to keep for sale intoxicating liquors in violation of law. The decree also contained the following: "It is therefore ordered, adjudged, and decreed that defendants are enjoined, and that a perpetual injunction issue against the defendants (naming them), forever restraining them, and each of them, from the sale of intoxicating liquors on the premises described; * * * and it is futher ordered that a perpetual injunction issue against the defendants, forever restraining them, and each of them, from permitting the said premises * * * above described, or the buildings thereon, or any part of them, to be used as a place for the illegal sale of intoxicating liquors intended to be sold illegally." In September, 1897, Cameron filed in the office of the clerk of the district court of Winneshiek county an affidavit, to which was attached a copy of the decree to which we have referred. The affidavit alleged that the Frank Barth named in the decree, and Frank Bartel, the plaintiff in this proceeding, are one and the same person; that Bartel

has always recognized 'that he is the person to whom the decree refers as "Frank Barth"; that no writ of injunction was ever issued on the decree against Bartel, but that he was represented in court when the decree was rendered, and had full knowledge of it; that ever since it was rendered he has been engaged, as agent for a foreign brewing company, in maintaining on the premises described in the decree a place where intoxicating liquor was and is kept with intent on his part to sell it in Decorah in violation of law; that at various times between January 1, 1896, and September 1, 1897, he did, in violation of the decree and of law, sell in various places in Decorah to different persons, intoxicating liquors, in violation of law; and that by reason of the various sales he is in contempt of court. The affidavit asked that Bartel be required to show cause, if any he had, why he should not be punished for contempt. Bartel appeared and demurred to the affidavit, but the demurrer was overruled, an answer to the affidavit was filed, and to that Cameron filed a reply. There was a hearing on the issues thus formed, which resulted in the judgment which the plaintiff asks to have reviewed.

I. The plaintiff contends that the affidavit was insufficient to charge a contempt, in that it charged that he, "either by himself or agent or servant," unlawfully sold intoxicating liquor, and that it also alleged that he was the agent of another. It was quite possible for the plaintiff to have acted through the medium of a subagent for whose acts he was responsible, but in addition to the averment to which the plaintiff objects are others which charge that he committed the unlawful acts described, and also that he committed them as an agent. The information sufficiently charged acts which were in violation of the decree, if that was self-enforcing.

II. It is claimed, however, that the decree was not self-enforcing, and, as no injunction was ever issued thereon, that the plaintiff cannot have been guilty of contempt. There are

some provisions in the decree which give color to that claim. The statement that "a perpetual injunction ought to issue," and the order that "a perpetual injunction issue," seem to contemplate the issuing of process for the enforcement of the decree; but it also states that it is "ordered, adjudged, and decreed that the defendants are enjoined," and that provision and the one in regard to a perpetual injunction must necessarily refer to the same acts. We do not find anything decided in the cases of *Dickinson v. Eichorn,* 78 Iowa, 710; *Lindsay v. Court,* 75 Iowa, 509; nor in 10 Am. & Eng. Enc. Law, section 1013 *et seq.,* cited by the plaintiff, in conflict with the conclusion we reach. The plaintiff was in court, and knew for what the decree provided; and it was as effectual, so far as it was self-enforcing, as it would have been had formal process been issued and served. *Milne v. Van Buskirk,* 9 Iowa, 558. What we have said must not be understood to apply to matters in regard to which a decree is not self-enforcing, as where the abatement of a nuisance is ordered, and process is required to authorize an officer to do acts required to accomplish the abatement.

III. The plaintiff claims that he and his principal were acting under the provisions of chapter 62 of the Acts of the Twenty-fifth General Assembly when the acts complained of were committed, and, therefore, that what he did was legal. It does not appear that the right to sell intoxicating liquor under the provisions of that act was granted until the latter part of April, 1897. A written statement of consent was filed before that time, and the business of selling intoxicating liquors was carried on under it by the plaintiff and others in the belief that it was sufficient; but it was found to be insufficient, and the plaintiff acted under it at his peril. *State v. Ashert,* 95 Iowa, 210; *Ritchie v. Zalesky,* 98 Iowa, 589; *State v. Pressman,* 103 Iowa, 449. The business as conducted by the plaintiff would not have

been legal had the statement of consent been sufficient. The act under which the plaintiff claims to have acted provides that the "selling or keeping for sale of intoxicating liquors shall be carried on in a single room having but one entrance or exit, and that opening, upon a business street." The building in which and from which the plaintiff operated was separated from the public street by a railroad right of way, which was not a public business street, but private ground occupied by railway tracks. The building was a cold-storage room, in which beer was stored. The plaintiff solicited and obtained orders in saloons, and perhaps other places, in Decorah, filled the orders with beer which he took from the cold-storage room, and delivered at the places of business of his customers, and collected the price of the beer at such places. This was in violation of the statute. *State v. Viers,* 82 Iowa, 397. See, also, Black Intoxicating Liquors, section 434, subd. 3.

IV. It is conclusively shown, and not denied, that the plaintiff is the person referred to, in the decree which he is cl arged with having violated, as Frank Barth. In another action to which he was made a party defendant he pleaded as a defense that the injunction in question was in force against him, and we are satisfied that it should be so held in this case. The judgment of the district court is AFFIRMED.