A. A. HAWKS, Plaintiff, v. L. E. FELLOWS, Judge, Defendant.

**Intoxicating Liquors:** CONTEMPT Under Acts Twenty-fifth. General Assembly, chapter 62, section 19, known as the ' Mulct Law," providing that, when any of the conditions of the act should be violated, persons engaged in the sale of liquors under the act should be liable to the penalties provided by Code 1873, Title 11, chapter 6, and under section 1540 of the latter chapter, making servants employed in the sale of liquors in violation of the chapter subject to the penalties therein provided, one engaged as a bartender in carrying on such a business can be found guilty of contempt in violating an injunction in a decree forbidding the further continuance of the business.

SAME.  The payment by a saloonkeeper of the tax required by Acts Twenty-fifth General Assembly (Mulct Law) does not relieve his bartender from the charge of contempt of an injunction restraining both of them from selling liquors where prior to the sale in question the conditions of the act had been violated by sales to minors, which violation by section 19 removed the protection afforded by the act, although the sales to the minors were made by the saloonkeeper and not by the bartender.

INJUNCTION: *Service of writ.* Where defendants enjoined were in court by attorney when the decree of injunction was rendered, they are chargeable with the knowledge of its contents; and the decree need not be served upon them, to render them guilty of contempt for violating the same.

EVIDENCE.  Where in an action to enjoin a liquor nuisance, plaintiff introduces an affidavit of one alleging that he was an employee in defendant's saloon, and that the owner was conducting the place in compliance with the mulct law, plaintiff is bound thereby, so far as it is not shown to be untrue by other evidence.

CONTEMPT: *Review*  The Supreme Court may, upon *certiorari* to review an order dismissing an application to punish the violation of an injunction as a contempt, inquire whether the injunction was violated, notwithstanding that the district judge found that a contempt had not been committed.

SATURDAY, APRIL 8, 1899.

PROCEEDING by *certiorari* to review an order of the district court discharging one Henry Severson in a proceeding instituted to punish him for contempt.—*Annulled.*

*E. R. Acres* for plaintiff.

*Dan Shea* and *John B. Kaye* for defendant.

ROBINSON, C. J.—The facts established by the record before us are as follows: In September, 1896, in an action in which the plaintiff in this proceeding was plaintiff and Henry Severson and others were defendants, Henry Severson and A. R. Severson were found to have maintained a nuisance in a building on a lot in the city of Decorah, which was described, in that they kept for sale and sold in the building intoxicating liquors in violation of law. It was therefore "ordered, adjudged, and decreed that a perpetual

injunction issue against the defendants A. R. Severson and Henry Severson, forever restraining them" from selling or keeping for sale in violation of law intoxicating liquors in the premises described, or elsewhere within the Thirteenth judicial district, and restraining the defendants from permitting the premises to be used as a place in which to sell or keep for sale intoxicating liquors in violation of law. No writ of injunction was ever issued by virtue of the decree. In September, 1897, the plaintiff filed in the district court of Winneshiek county an affidavit in which he set out the decree, and alleged that the two Seversons had violated it by maintaining a saloon in the premises described, and by selling therein intoxicating liquors to minors and others. Henry Severson appeared, and filed an affidavit in response to that of the plaintiff, and witnesses were examined, resulting in the discharge of Henry Severson, as stated. The plaintiff asks in this proceeding that the finding of the district court, and its order discharging the accused, be reviewed. That we may review such an order in a proceeding by *certiorari* is settled. See *Lake v. Wolfe*, 108 Iowa, 184. The evidence shows clearly that A. R. Severson, as proprietor, carried on a saloon in the premises enjoined, after the decree was rendered, that there were numerous sales of intoxicating liquors made therein to minors and to others, and that Henry Severson was employed as a bartender in the saloon.

I. It is insisted, however, that the injunction for which the decree provided was not in force, because a writ of injunction had not been issued and served. But the law does not require useless formalities. The defendants enjoined were in court, by attorney, when the decree was rendered, and are chargeable with knowledge of all it contained. They had appeared in the case, and resisted the demands of the plaintiff, and had no rights which the issuing of a formal writ would have subserved. The injunction, as to them, was in force from the time the decree was

rendered. *Milne v. Van Buskirk,* 9 Iowa, 558; *Bartel v. Hobson,* 107 Iowa, 644.

II. The district court found that A. R. Severson maintained and conducted the place in question in compliance with chapter 62 of the Acts of the Twenty-fifth General Asssembly, popularly known as the "Mulct Law," and that the tax required by the law had been fully paid. The only evidence to show that the business was carried on in compliance with the act specified is found in the affidavit made by Henry Severson, which contains the following: "I, Henry Severson, being first duly sworn, depose and say that, at the time and times set forth in plaintiff's affidavit, I was an employee in the saloon situated in the premises in question, and that the owner thereof, A. R. Severson, was at such time and times conducting and maintaining a place for the sale of intoxicating liquors therein in compliance with chapter 62, Acts Twenty-fifth General Assembly, Iowa, and acts amendatory thereto." So much of the affidavit as we have set out, with formal parts, was introduced in evidence by the plaintiff, and he thereby vouched for its credibility; and, although the latter part of it is in the nature of a conclusion, he is bound by it, at least so far as it is not shown to be untrue by other evidence. *Murphy v. McCarthy,* 108 Iowa, 38. It is shown that minors were sometimes found in the saloon, it is not shown that objection was made to their presence, and intoxicating liquors were sold to minors in violation of the act specified. Section 19 of that act provided that, whenever any conditions of the act should be violated, the bar to proceedings for which section 17 provided should cease to operate, and persons engaged in the sale of intoxicating liquors as contemplated by the act should be liable to all the penalties provided by chapter 6 of title 11 of the Code of 1873. *State v. Pressman,* 103 Iowa, 449. The chapter (6) referred to included section 1540, which reads: "All clerks, servants, and agents of whatever kind engaged or employed in the    *    *    *    sale

or keeping for sale in violation of this chapter, of any intoxicating liquor, shall be charged and convicted in the same manner as principals may be, and shall be subject to the pains and penalties herein provided." The unlawful acts for which the proprietor of the saloon was responsible removed the bar for which section 17, chapter 62, of the Acts of the Twenty-fifth General Assembly provided, and subjected him and his employes engaged in the business to the penalties of the law. Henry Severson is not shown to have been constantly employed in the business, nor to have made any sales to minors, but that he was engaged, as a bartender, in assisting in carrying on the illegal business during a part of the time in question, and thus violated the injunction for which the decree provided, is clearly shown; and it follows that the district court erred in finding that he was not guilty of a contempt. See *Cotant v. Hobson*, 98 Iowa, 318. The finding of the defendant and the order discharging Henry Severson are annulled, and further action in harmony with this opinion is directed.—ANNULLED.