FRED BUNTING, Plaintiff, v. F. M. POWERS, District Judge.

**Evidence:** COURT RECORD: JUDICIAL NOTICE.   In contempt proceedings for violating an injunction, the court will take judicial notice of its own order granting the injunction.

**Same:** OBJECTION: EFFECT OF RULING.   Where the plaintiff in a contempt proceeding for violating an injunction stated that he offered in evidence the decree claimed to have been violated, and the court overruled an objection to the same, the effect of the ruling was to admit the decree in evidence.

**Injunction:** SERVICE OF WRIT.   Where an injunction is entered after appearance of defendant to the suit, the decree is binding upon him though there is no formal service of the writ.

*Certiorari from Carroll District Court.*

SATURDAY, APRIL 10, 1909.

REHEARING DENIED THURSDAY, SEPTEMBER 30, 1909.

Writ dismissed.

*L. H. Salinger,* for plaintiff.

*M. S. Odle,* for defendant.

EVANS, C. J.—This proceeding is in effect an appeal from the judgment of the district court in contempt proceedings wherein Fred Bunting, plaintiff herein, was adjudged to be guilty of contempt and to pay a fine of $300. The information in such case charged Bunting with having violated an injunction, entered in the form of a decree by said court on May 4, 1908, in a certain proceeding entitled

*E. V. Tuttle v. Fred Bunting.* The information and affidavit for contempt were filed by plaintiff therein on July 10th, and charged the defendant with making unlawful sales of liquor subsequent to May 4, 1908, and in violation of the decree of injunction. On July 24, 1908, trial was had on the charge of contempt. The charge of error against the district judge is based upon the following record:

"Mr. Odle: The plaintiff offers in evidence the decree in the case of E. V. Tuttle .v. M. Bunting, Fred Bunting, Thomas Ochampaugh, and lots 1 and 2, block 13, Lanesboro, Iowa, found on page 1 of District Court Record 18, Carroll County, Iowa.

"Mr. Salinger: Objected to, as being without proper foundation and not the best of evidence.

"The Court: Overruled. Defendant excepts."

The two principal points urged in argument are (1) that there was no proper foundation laid for the introduction of the record, because there was no preliminary evidence of identification; (2) that the record was only offered in evidence, and that this was not equivalent to introducing it in evidence.

We are unable to see merit in either contention. The record that was offered in evidence purported to be the record of the very court in which the proceedings were pending. It was the decree of injunction entered by the same court a few weeks previous. It is proper for the trial court in such cases to take judicial notice of its own orders and records. 3 Ency. of Evidence, 442; *Jordan v. Circuit Court,* 69 Iowa, 177; *Harrison v. Kramer,* 3 Iowa, 543. Complainant relies at this point upon *McGlasson v. Scott,* 112 Iowa, 289. But that case has no application to an original record, as distinguished from a purported copy thereof.

1. EVIDENCE: court record: judicial notice.

Neither is complainant's second point well taken. The record in question was offered in evidence by the informant.

The defendant objected. The court overruled the objection. The effect of the court's ruling was to admit the evidence. It was so treated by the court, and the decree appears before us in this proceeding as a part of the record, certified by the defendant in his return to the writ of *certiorari.* The authorities cited by the complainant on this question have no application to it. They relate wholly to the proper form of a certification of the evidence in an equity case for the purpose of appeal. Inasmuch as the evidence introduced may not comprise all the evidence offered, it has usually been held requisite by this court that a certification of the evidence for the purpose of a trial *de novo* should show that it comprised, not only all the evidence introduced, but the evidence offered, also. Such a question is not involved here in any sense.

*2. EVIDENCE: objection: effect of ruling.*

The third point urged by the complainant is that no writ of injunction was ever served upon him. It does appear, however, that the injunction was entered in the form of a decree after an appearance by the complainant as a defendant in the suit. In such case no formal service of a writ was necessary. *Bartel v. Hobson,* 107 Iowa, 644; *Hawks v. Fellows,* 108 Iowa, 133. The proceedings complained of were therefore without error, and the action of the trial court therein is in all respects sustained.

*3. INJUNCTION: service of writ.*

The writ issued herein is *dismissed,* and the complainant is ordered to pay the costs.