OF THE

## STATE OF IOWA

AT

## DES MOINES, MAY AND SEPTEMBER TERMS, 1916

AND IN THE SEVENTIETH YEAR OF THE STATE.

---

JOHN F. DAVEY, Plaintiff, v. DISTRICT COURT OF WOODBURY COUNTY et al., Defendants.

INTOXICATING LIQUORS: Injunction—Contempt—Commitment to
1 Penitentiary—Constitutional Law. Section 2407, Code Supplemental Supp., 1915, in so far as it authorizes commitments to the penitentiary at hard labor as punishment for contempt in violating an intoxicating liquor injunction, is unconstitutional, because (a) imposing involuntary servitude as a punishment for that which is not a *crime*, (b) imposing infamous punishment under a proceeding not under indictment or information, and (c) imposing such latter punishment without trial by jury.

INTOXICATING LIQUORS: Injunction—Violation—Evidence. One
2 may not be convicted of contempt on a charge of violating an injunction against the unlawful sale of intoxicating liquors, on

evidence which fails to show that the accused was present at the time of the unlawful sale or that he had anything to do with such sale.

*Certiorari from Woodbury District Court.*—JOHN W. ANDERSON, Judge.

THURSDAY, JUNE 29, 1916.

CERTIORARI proceeding to test the validity of a commitment for contempt of court for the violation of an injunction in the sale of intoxicating liquors or being concerned therein. The trial court found the defendant in the contempt proceedings, the plaintiff in this case, guilty, and committed him to the reformatory at Anamosa, Iowa, for a period of not exceeding one year. The writ is sustained, and the judgment of the district court reversed.—*Reversed.*

*George G. Yeaman,* and *Oliver, Harding & Oliver,* for plaintiff.

*John F. Joseph,* for defendants.

PRESTON, J.—The same questions as to the constitutionality of the statute authorizing commitment to the penitentiary or reformatory for a violation of injunction

1. INTOXICATING LIQUORS: injunction: contempt: commitment to penitentiary: constitutional law.

are presented in this case as in the case of *Flannagan v. Jepson, Judge,* 177 Iowa ..., and as to such questions the decision in that case rules this.

There is further question presented in the instant case that the evidence was not sufficient to sustain the finding of the trial court that the plaintiff in this court was guilty of contempt. It is our conclusion from a careful

2. INTOXICATING LIQUORS: injunction: violation: evidence.

reading of the evidence that it is not sufficient. The substance of the testimony is that plaintiff was at one time, with another, a

partner, engaged in conducting a drug store, and that persons who were sent to purchase intoxicating liquors did buy of someone in this drug store, but there is no claim that such purchases were made of the plaintiff or that he was present.

In June, 1915, a temporary injunction was issued against Davey Bros., F. T. Davey, and plaintiff herein, John F. Davey. In July of that year, an information for contempt of court was filed against the three parties above named. Plaintiff, John F. Davey, pleaded guilty to said information of contempt and was duly sentenced, and the information was dismissed as to F. T. Davey and Davey Bros. In September, 1915, a second information for contempt was filed, and precept issued, and plaintiff, John F. Davey, was duly arrested and brought into court. The conviction of John F. Davey under this second information is the judgment which is now before this court.

As we understand counsel for defendants, their position is that, even though plaintiff was not present and, so far as the evidence shows, had nothing at all to do with the sales complained of, he would be responsible in a contempt proceeding for the acts of a person in the drug store when plaintiff was not present. This might be so in an injunction action to abate the nuisance; but we think such a rule ought not to apply in a proceeding for contempt, which, strictly speaking, is not a criminal proceeding, yet a fine and imprisonment may be imposed for a violation of the decree. Counsel for defendants cite *Hawks v. Fellows,* 108 Iowa 133, in support of their proposition. But that was a case where a bartender was charged with contempt in violating the injunction by making sales himself. As stated, no claim is made that the defendant was present at the time the liquor was purchased. As witness Webster puts it, he figured it was one of the clerks that he was talking to—''one of the clerks or one of the boys; don't know which. I suspected him for the clerk. I don't think he was the boss. He did not appear to be the boss. I never saw him before and have not seen him since.'' Witness testi-

fies that he bought at Davey Bros.' store, but, as we under-
stand the record, the partnership had been dissolved. We
shall not attempt to set out all of the evidence, but we are
clearly of the opinion that it does not justify a conviction.

The judgment is therefore reversed and the writ sus-
tained.—*Reversed* and *Remanded.*

EVANS, C. J., DEEMER and WEAVER, JJ., concur.