FRANK EATON, Petitioner, v. LAWRENCE DE GRAFF, Judge, Defendant.

**INTOXICATING LIQUORS:** Contempt—Sufficiency of Evidence.
1   Evidence held sufficient to show that unlawful sales of liquors were made within the territory covered by an injunction.

**INTOXICATING LIQUORS:** Notice of Injunctional Decree. One
2   who is a party to a suit for injunction, is duly served with notice of the suit, and appears by authorized counsel, will not be heard to say that he did not know that an injunctional decree had been issued against him.

*Certiorari to Polk District Court.*—LAWRENCE DE GRAFF, Judge.

OCTOBER 25, 1918.

THE case involves review of adjudging petitioner guilty of contempt for violating an injunction restraining dealing with intoxicating liquors.—*Affirmed.*

*F. T. Van Liew,* for petitioner.

*Ward C. Henry, A. T. Wallace, A. G. Rippey,* and *Lewis Cohen,* for defendant.

SALINGER, J.—I.   Petitioner testifies he sold no liquor.

The evidence establishes that he did. It is insisted there is no evidence to show that, if he sold, it was done within the territory covered by the injunction, or sold after the injunction was entered. One witness says he has known the petitioner since the middle of December, 1916, and bought liquor "in there" on January 7th; that Eaton was at the door when witness went in, and on his way home. Barclay says he bought liquor from petitioner personally on January 17th; Baughman, that Barclay was served with whiskey by Eaton, and witness drank one drink bought by Barclay. The hearing was had in the year 1917, and Baughman says that this incident occurred "on the 17th of January, this year."

1. INTOXICATING LIQUORS: contempt: sufficiency of evidence.

It is sufficiently established that the sales occurred after the injunctional order was entered.

As to where the selling was done: Meyer says he lives in Des Moines, and bought a drink of liquor in a place where there was a shoe-shining business; that Eaton was leaving that place at the time. Barclay says the purchase he speaks of was made at 513 East Walnut Street, and in a shining parlor. Baughman's testimony is to the same effect. Day, who says he is a police officer, without stating for what town or city, does say, however, that he knows the defendant; that he is in the shoe-shining parlor business, 513 East Walnut Street; that the witness had found liquor in there; that he knows where this is located in the city of Des Moines, Polk County, Iowa, and that it is on the west side of the alley on the south side of East Walnut Street, between Fifth and Sixth streets.

We are of opinion it is sufficiently shown that the sales were made in Polk County, Iowa, and hence in territory to which the restraining order was addressed.

II. The trial court ordered that the injunction be served on the petitioner, and it was not done. And the peti-

tioner testifies that he was not in court at the time the
trial was had; that he does not remember

**2. INTOXICATING LIQUORS: notice of injunctional decree.** being enjoined, or that an injunction suit had been brought against him, or notice served. He finally admits, however, that he
was served with an original notice in this injunction suit,
and that he had Mr. Van Liew take care of all of his busi-
ness. It is now contended that a contempt proceeding can-
not be based upon mere notice or knowledge that a case
exists in which an injunction may issue; and we are cited
to *Dowagiac Mfg. Co. v. Minnesota M. Plow Co.*, 124 Fed.
736, *Endicott v. Mathis*, 9 N. J. Eq. 110, *Cape May & S. L.
R. Co. v. Johnson*, 35 N. J. Eq. 424, *Stafford v. Brown*, 4
Paige (N. Y.) 360, for the proposition that it must be shown
clearly the parties had knowledge that an injunction had
been granted, and with that knowledge, committed a willful
violation thereof. This is enlarged upon by the further
claim that no constructive notice is sufficient. Attempt is
made to distinguish *Silvers v. Traverse*, 82 Iowa 52, with
claim that, in the case at bar, petitioner had no notice,
actual or otherwise, of the issuance of the injunction. Re-
liance is placed upon *Harris v. Hutchinson*, 160 Iowa 149,
155. As we read that case, it does not hold, as the peti-
tioner contends, that one may not be in contempt of an in-
junction unless he is shown to have been served with the
order, or, at the time of the commission of the act charged
as contempt, had personal knowledge of the injunctional
order. The *Harris* case is authority for no more than that,
though an injunction restrains a party and his agents or
servants from the unlawful sale of liquor, such order is not
constructive notice to a barkeeper who has no actual knowl-
edge of it, where the order is made in a case to which the
barkeeper is not a party. This petitioner was a party to
the suit on due notice, and he appeared by counsel. We are
of opinion that he is affected with notice of the entry of in-

junction in said suit, though he was not personally advised —had no actual notice—that such order had been entered. It is held, in *Bunting v. Powers,* 144 Iowa 65, and *Hawks v. Fellows,* 108 Iowa 133, that, where an 'injunction is entered after appearance of defendant to the suit, the decree is binding upon him, though there is no formal service of the writ. *Bartel v. Hobson,* 107 Iowa 644, is that, where defendant is in court when a decree is rendered, and the decree states that an injunction against selling liquor ought to issue, directs its issuance, and orders and decrees that defendant is enjoined from selling, the order is self-executing, and its violation is a contempt, though no formal injunction has issued. So far as the order to serve the writ is concerned, the failure to serve it is not controlling, if the party be otherwise charged with notice of its existence; for the decree for injunction is self-enforcing. *Bartel v. Hobson,* 107 Iowa 644; *Hawks v. Fellows,* 108 Iowa 133; *Bunting v. Powers,* 144 Iowa 65, 67.

All we can find in *Stafford v. Brown,* 4 Paige (N. Y.) 360, is that an order that defendant answer in 40 days or be attached, should be served on his solicitor, where he has appeared by one; and it is not necessary that it should be served on the defendant personally. The holding of *Cape May & S. L. R. Co. v. Johnson,* 35 N. J. Eq. 422, is not more than that notice by telegraph of the granting of an injunction is sufficient to place the party disregarding such notification in contempt, provided such notice proceed from a source entitled to credit, and inform the defendant clearly and plainly from what act he must abstain. The most that can be claimed for *Dowagiac Mfg. Co. v. Minnesota M. Plow Co.,* 124 Fed. 735, is that, where one has given bond in a patent infringement case, he may not be dealt with as in contempt, after a mandate has issued from the appellate court directing a decree enjoining further sales, where such decree has not been entered, and it is not shown that de-

fendant had actual notice that an injunction was directed. And *Endicott v. Mathis,* 9 N. J. Eq. 110, but holds that an injunction may not be disregarded because of technical objections to the identity of the suit in which the injunction was granted.

III.   Affidavit was filed in this court on May 7, 1918, in which the petitioner excuses not filing the affidavit of one C. V. Kegley sooner. The judgment punishing for contempt was made February 3, 1917. The Kegley affidavit is dated May 4, 1918. Its effect is that Baughman, a special liquor investigator for the city, told Kegley, another such investigator, that he swore against Eaton to save his (Baughman's) job with the city, and on account of the illness of Baughman's wife.

If Baughman's testimony be wholly disregarded, little is eliminated, and enough remains to compel a finding that petitioner violated the injunction.—*Affirmed.*

PRESTON, C. J., LADD and EVANS, JJ., concur.