## McKINNEY v. SIMPSON.

1. **Verdict: MISCONDUCT OF JUROR: NEW TRIAL.** The appellant cannot insist upon a new trial on the ground that one of the jurors had expressed an opinion before the case was tried and before he was called as a juror, when it does not appear that the opinion was adverse to appellant, nor that the juror was examined under oath as to whether he had formed or expressed an opinion.

*Appeal from Lee Circuit Court.*

WEDNESDAY, OCTOBER 8.

THE plaintiff claims of the defendant damages in the sum of one thousand five hundred dollars, for personal injuries received while repairing the defendant's house in October, 1876. There was a jury trial, and a verdict for plaintiff for one hundred and fifty dollars. The motion for a new trial was overruled, and judgment was rendered on the verdict. The defendant appeals.

*S. T. Marshall* and *R. M. Marshall*, for appellant.

*Craig & Collier*, for appellee.

DAY, J.—I. The appellant moved the court for a new trial on the ground of the misconduct of a part of the jury. In support of this motion the defendant offered to read the following affidavit: "Now comes Robert Simpson, the defendant in this case, and after being duly sworn deposes and says that J. T. Griffey, one of the jurors in this case of *D. McKinney v. Robert Simpson*, in the Circuit Court at the present term, had expressed an opinion and also knew many of the facts in the case, before the case was tried and before he was called as a juror in said cause." The court refused to hear this affidavit, because it had not been filed with the motion for a new trial. This action of the court is assigned as error. We need not determine whether or not

the affidavit was correctly rejected for the reason stated, for, if it had been admitted, it would not ·authorize a new trial. For aught that the affidavit shows, the defendant knew that the juror had expressed an opinion before the cause was submitted to him, and it does not appear that the opinion expressed was adverse to appellant, nor that the juror was examined under oath as to whether he had formed or expressed an opinion. See *State of Iowa v. Funck*, 17 Iowa, 365 (372). If there was error in the rejection of this affidavit, it was clearly error without prejudice.

II. The only remaining objection urged is that the verdict is not supported by the evidence. The testimony is voluminous and conflicting. We cannot say that the verdict is so wanting in support as to justify the conclusion that it was the result of passion or prejudice. We cannot disturb the verdict upon the ground that it is not warranted by the evidence.

AFFIRMED.