STATE OF IOWA v. J. H. BUSSAMUS, *Appellant.*

**Mulet Law:** "SINGLE ROOM." A room fronting on a street, with a door opening out on it, and another door leading to another room, in which are stored the liquors sold in the former, is not "a single room having but one entrance," within Code section 2448, Subdivision 4, permitting the sale of intoxicating liquors in such room under certain conditions.

**Liquor Selling;** JURY QUESTION. Where accused admits a sale of pepsin bitters after notice not to sell intoxicants to the person in question, and a witness testifies that pepsin bitters is intoxicating, the question is for the jury whether the sale is within Code, section 2448, subdivision 11, prohibiting the selling of intoxicants to any person whose relatives have by written notice forbidden such a sale.

**Jurors:** KNOWLEDGE OF DISQUALIFICATIONS. The fact that a juror was a member of the jury on a former trial of the case is no ground for a new trial, though counsel for accused were unaware of that fact, where it does not appear that accused himself had no knowledge thereof.

*Appeal from Sioux District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

THURSDAY, APRIL 6, 1899.

THE defendant appeals from a judgment convicting him of maintaining a nuisance.—*Affirmed.*

LADD, J.—I. During the trial it was stipulated that all the conditions of section 2448 of the Code had been complied with, except those hereinafter mentioned. The wife and son of one Hastings notified the defendant not to furnish him intoxicating liquors. As the defendant admitted receiving this notice, the point made against oral proof of its contents requires no attention. Thereafter he sold Hastings Pepsin Bitters. As one witness testified this drink was intoxicating, there was a conflict in the evidence as to whether the defendant had violated the

eleventh subdivision of the section mentioned. The evidence also tended to show that written consent of the freeholders owning property within fifty feet of his place of business had not been filed prior to the finding of the indictment, and thereby subdivision 2 of the section was disregarded. But the defendant testified on the trial that he had not complied with subdivision 4, which is, in part, as follows: "Said selling or keeping for sale of intoxicating liquors shall be carried on in a single room having but one entrance or exit, and that opening upon a public business street." This language is too explicit to require construction. By a single room having one entrance or exit is meant one room, with one door only which may be used, and that on a public business street. This excludes an entrance or exit from or into any other room. Had the legislature intended the use of a room, large or small, in which to store liquors, or for any other purpose, in connection with and opening into the single room, this would have been mentioned, rather than guarded against. A door opened from the room in which defendant operated his saloon into another room or shed, where he stored, and from which he procured, his liquors. This was in violation of the requirement quoted. The jury, then, could properly have returned no other verdict than that of guilty.

II.    There was a mistrial at a previous term of court. A member of the jury sat as juror at that trial. This fact was not known to counsel, but whether known to the defendant does not appear. To take advantage of the disqualification of a juror, after verdict, it is incumbent on the party complaining to show affirmatively that neither he nor his counsel had knowledge thereof before the juror was sworn. *McKinney v. Simpson,* 51 Iowa, 662; *Rollins v. Ames,* 2 N. H. 349 (9 Am. Dec. 79); *State v. Tuller,* 34 Conn. 280; *Morrison v. McKinnon,* 12 Fla. 552; *Anderson v. State,* 14 Ga. 709; *Kent v. City of Charlestown,* 2 Gray, 281; *Eastman v. Wight,* 4 Ohio St. 156; *Achey v.*

*State,* 64 Ind. 56; *State v. Labauve,* 46 La. Ann. 548 (15 South Rep. 172); *Townsend v. Briggs,* 99 Cal. 481 (32 Pac. Rep. 307, 34 Pac. Rep. 116); 12 Enc. Pl. & Prac. 475; 1 Thompson Trials, section 116.    This is for the reason that if known to the party, or his attorney who acts for him, the omission to challenge waives all objections.    *State v. Pickett,* 103 Iowa, 714.—AFFIRMED.