O. C. WEST, Appellant, v. CHARLES A. BISHOP, Judge.

**Mulct Law Consent Statement:** REPEAL BY CODE. Laws Twenty fifth General Assembly, chapter 62, providing for a suspension of the penalties therein prescribed for the sale of intoxicating liquors in cities of 5,000 population, or over, on a written statement of consent to such traffic signed by a majority of the residents of said city, is repealed by Code, section 49, repealing "all public and general statutes" adopted prior to the adoption of the Code, at the extra session of the Twenty-sixth General Assembly, on October 1, 1897.

CONSENT NOT A "RIGHT." The interest acquired by a vendor of intoxicating liquors, through a statement of consent filed by him with the county auditor under Laws Twenty-fifth General Assembly, chapter 62, providing for a suspension of the penalties therein prescribed for the sale of liquors in certain cities, when a written statement of consent to such traffic is signed by a majority of the residents of said city is not a "right," within the provision of Code, section 51, that "repeal of existing statutes shall not affect any act done, any right accruing, or which had accrued, when such repeal takes effect."

CONSTRUCTION OF STATUTES. The provisions of Code section 2448, requiring a statement of consent to the traffic of intoxicating liquors in certain cities, when signed by a majority of the residents voting at the last general election, and filed with the county auditor, to be canvassed by the county board of supervisors, and its sufficiency determined, apply as well to statements filed before the adoption of the Code as to those filed since.

PLEADING DEFENSES. A defendant in contempt proceedings for the violation of an injunction against a liquor nuisance, who relies upon the existence of facts which suspend the operation of the prohibitory statutes, must set them up as a defense and show a full compliance with the provisions of the law under which a prosecution for such offense may be barred.

RE-CANVASS OF CONSENT FILED BEFORE CODE TOOK EFFECT. A statement of consent, filed in 1895, by a vendor of intoxicating liquors, under Laws Twenty-fifth General Assembly, chapter 62, providing for a suspension of the penalties for the sale of Intoxicating liquors in cities of 5,000 population, or over, when a written statement of consent to such traffic is signed by a majority of the residents of the said city, is not a bar to prosecution for the sale of intoxicating liquors after the adoption of the Code, October 1, 1897, since Code, section 2448, provides in addition to the requirements of the above act that the statement shall be found sufficient by the board of supervisors, which cannot be done in respect to a statement filed in 1895, as the poll books are not required to be preserved more than eighteen months, or until a contest, if one is pending, is disposed of.

*Appeal from Polk District Court.*

MONDAY, JANUARY 29, 1900.

THIS is a *certiorari* proceeding founded upon an application for an order on one Lorenz Ill to show cause why he should not be punished for contempt in violating an injunction against a liquor nuisance. In support of the application an affidavit was filed which recites that on June 21, 1895, Ill was perpetually enjoined from selling or keeping for sale, contrary to law, any intoxicating liquors in the Ninth judicial district, and it is further said that he is now engaged in selling such liquors. Defendant answered as follows: "(1) Comes now the respondant, Lorenz Ill, and, for answer to plaintiff's charge and complaint, denies each and every allegation therein contained, except what is hereinafter specifically admitted. (2) Respondent admits that on or about the twenty-first day of June, 1895, an injunction was issued against him in form and manner as shown by the copy set out in plaintiff's statement and charges. (3) That on and before the filing of said charges, and now, respondent was and is selling intoxicating liquors in Des Moines, Polk

county, Iowa, in accordance with section 17, chapter 62, of the Laws of the Twenty-fifth General Assembly of the State of Iowa. (4) That before and during the time of selling such intoxicating liquors this respondent complied, and complies, with section 17, chapter 62, of the Laws of the Twenty-fifth General Assembly of the State of Iowa. (5) That the city of Des Moines, Iowa, in which respondent sells said intoxicating liquors, is a city of more than five thousand inhabitants, and that a written statement of general consent that intoxicating liquors may be sold in said city, signed by a majority of the voters residing in said city of Des Moines, Iowa, and voting therein at the last preceding general election, as shown by the poll lists of said election, was filed with the county auditor of Polk county, Iowa, on or before the fifth day of July, 1895. (6) That respondent did, also, on or about the fifth day of July, 1895, and at the proper time since, as required by the decision of the district court of Polk county, Iowa, file with the said auditor a certified copy of a resolution of consent regularly adopted by the city council of the city of Des Moines, Iowa, consenting to said sales by him, and a written consent of all the resident free-holders owning property within fifty feet of the building where said business is carried on and said sales are made, and filed a: bond as required by the statute, and has paid his tax, and otherwise complied with the conditions of the said section 17 of chapter 62 of the Laws of the Twenty-fifth General Assembly of the State of Iowa. Wherefore he asks to be discharged, and for costs." To this answer the following demurrer was interposed: "Comes now the plaintiff, and files the following amended and substituted demurrer to the defendant's answer, and states that the defendant is not entitled to the relief demanded, for the following reasons: (1) That it appears from his answer that the defendant pleads as justification for the sale of intoxicating liquors since October 1, 1897, a compliance with chapter 62 of the Laws of the Twenty-fifth General Assembly, and not with

the law as it exists and has existed since October 1, 1897.
(2) That chapter 62 of the Laws of the Twenty-fifth Gen-
eral Assembly was repealed by the Code of 1897. (3) That
it does not appear in the answer that the voters' statement
of consent upon which defendant relies for justification has
ever been found to be sufficient by the board of supervisors
or by the district court of Polk county. (4) It appears in
said answer that the statement of consent of the voters
pleaded by the defendant is a statement of consent based
upon the general election of 1894, and does not contain or
purport to contain the names of a majority of the voters who
have voted at any election held in this city or county since
said date. (5) That the injunction which is admitted by
the answer to have been issued against the defendant hereto-
fore was a permanent injunction, and enjoined the sale of
intoxicating liquors by said defendant at all places in Polk
county." The trial court overruled the demurrer. Plaintiff
electing to stand thereon, judgment was rendered against
him for costs, and he appeals.—*Reversed.*

*I. E. Pearson, W. H. Redman,* and *F. S. Dunshee* for
appellant.

*J. F. Conrad* and *T. L. Sellers* for appellee.

WATERMAN, J.—The question we have to determine is
whether the statement of consent filed before October 1,
1897, remained effective after the Code became operative,
which was upon that date. Chapter 62, Laws Twen-
ty-fifth General Assembly, provided that the penalties
then prescribed for the sale of intoxicating liquors
should not be enforced when certain conditions had been
complied with; and, first among these, it was made neces-
sary, in cities of five thousand population or over, to secure
a written statement of consent to such traffic, signed by a
majority of the residents of said city who voted at the last

general election, and file the same with the county auditor. Section 2448 of the Code is upon the same subject, and, so far as material, is as follows: "In any city * * * of five thousand or more inhabitants no proceedings shall be maintained against any person who has paid the last preceding quarterly assessment of mulct tax, nor against any premises as a nuisance on account of the sale or keeping for sale therein or thereon by such person of such liquors, provided the following conditions are complied with: * * * (1) Statement of Consent—Action of Supervisors. A written statement of general consent that intoxicating liquors may be sold in such city, signed by a majority of the voters residing in such city, voting therein at the last preceding general election as shown by the poll books of said election, shall have been filed with the county auditor and shall by the board of supervisors at a regular meeting have been held sufficient and its finding entered of record, which statement, when thus found sufficient, shall be effectual for the purpose herein contemplated until revoked as hereinafter provided." It will be observed that the Code adds to the former requirement the necessity of having the statement canvassed by the board of supervisors, and its finding entered of record. We have first to consider whether the act of the Twenty-fifth General Assembly was repealed by the Code. Appellee devotes considerable attention in argument to the doctrine of the implied repeal of statutes. But, in the view we take, this question has no place. Section 49 of the Code provides expressly for the repeal of prior laws, in these words: "All public and general statutes adopted prior to the present extra session of the general assembly, except acts appropriating money, when the same has not been fully paid out, and all public and special acts, the subjects whereof are herein revised or which are repugnant hereto, are repealed subject to the limitations and exceptions hereinafter expressed, but local acts are repealed only by express terms or on account of repugnancy." This is an express repeal of chapter 62,

Laws Twenty-fifth General Assembly, and, if it stood alone, would, of course, deprive all proceedings under that chapter of any force or effect. But the Code contained the following saving clause in section 51: "The repeal of existing statutes shall not affect any act done, any right accruing or which has accrued or been established * * * when such repeal takes effect."

We now inquire as to the nature of the interest acquired by Ill through the statement of consent filed by him under chapter 62, Laws Twenty-fifth General Assembly. If it was a right, it is saved to him; but, if a mere privilege, it was lost through the repeal. That it was only a privilege we think is fully settled by *State v. Mullenhoff,* 74 Iowa, 271. Even where a license is given under proper authority for the sale of intoxicating liquors, it has been held that the licensee acquires no right which may not be revoked. *Columbus City v. Cutcomp,* 61 Iowa, 672; *Com. v. Brennan,* 103 Mass. 70.

The privilege which Ill had acquired under the statement of consent filed with the auditor having been revoked by the repeal of the statute under which it was filed, it remains to be seen what steps, if any, he should have taken for his protection. In our opinion, a new statement of consent should have been filed, based upon the return of voters at the last preceding general election. There are manifest and insuperable objections to permitting the board of supervisors now to canvass a petition filed in 1895. One of these objections (and it is sufficient, we think to indicate that the general assembly did not intend to permit such a thing) is that the poll books are not required to be preserved more than eighteen months, or until a contest, if one is pending, is disposed of. Therefore, in any attempted canvass now, the board would be without official evidence, and without the means of verifying its conclusions. *Cameron v. Fellows,* 109 Iowa, 53. But it is said this require-

ment as to the action of the board of supervisors applies only to statements filed since the going into effect of the Code; that the statements previously filed, and which under the old law were effective in creating a bar to prosecutions, still remain so. This idea is founded upon the thought of a right vested in the liquor seller. What we have already said on that point is perhaps sufficient to dispose of the matter, but there is something further we may add. On this theory, a distinction is made as to what must be done to create a bar to prosecutions, between those liquor dealers who acted before October 1, 1897, and those who have acted or may act since that time. We can see no warrant for a distinction of this kind, and cannot believe the general assembly intended to create any such state of affairs. It is true, the law now distinguishes between dealers in the larger and smaller places, but this is founded upon a reasonable classification. There is a substantial basis for the requirement that the statement of consent shall be signed by a greater number of residents in a rural community, where there is inadequate police protection, than is sufficient in cities; but the distinction contended for in this case has neither reason nor principle to support it. Prohibition is still the rule in this state. If facts exist which suspend the operation of the prohibitory statutes they must be set up as a defense. *State v. Van Vliet,* 92 Iowa, 476, and cases therein cited. It was necessary here for the defendant, in order to set out a defense, to show a compliance with the mulct law, so called. This he has not done. The demurrer to his answer should have been sustained.—REVERSED.

GRANGER, C. J., not sitting.