J. H. POWERS v. HERMAN KLATT, Appellant.   ·

**Mulct Law:** VIOLATION:   *Single door.*   Where liquors are sold at wholesale and retail in a single room in the same building, and the liquors sold at wholesale were delivered from a cellar, through an outside cellar door, instead of from the room above, where the retail business is carried on, and which is connected with the cellar by a door in the floor, leading to a flight of stairs running to the cellar, where all the liquors are stored, and but one tax on the business is paid, it constitutes a violation of the mulct law (Code, section 2448), providing that the selling or keeping for sale must be carried on in a single room, having but one entrance or exit, and that opening on a public business street.

*Appeal from Chickasaw District Court.*—HON. A. N. HOBSON, Judge.

MONDAY, MAY 14, 1900.

SUIT in equity to enjoin a liquor nuisance.   From a decree for plaintiff, defendant appeals.—*Affirmed.*

*Springer & Clary* for appellant.

*J. H. Powers* in *pro. per.*

DEEMER, J.—The case was tried on a stipulation of facts reciting, in substance, that defendant was engaged in the wholesale and retail liquor business in the town of New Hampton, Iowa; that he had complied with the provisions of the mulct law, unless the following facts constitute a violation thereof, to-wit: The sales were all made in one room, that had no other than the front door, save one in the floor of the building, leading to a flight of stairs running to the cellar. Liquors for retail were brought through this door from the cellar to the main room for retail purposes. Liquors sold at wholesale were delivered from the cellar

through an outside cellar door. No business is carried on in, the cellar, except the storing of the liquor, and no person is allowed therein, save the persons who deliver the goods. In other words, the cellar is used simply as a storeroom. Defendant has paid but one tax on the business in which he has been engaged. The controlling point in the case is, does the door into the cellar, and the delivery from the cellar through an outer door, render the defendant liable for the keeping of a nuisance? Code (section 2448) provides, in substance, that the selling or keeping for sale of intoxicating liquor, where authorized, must be carried on in a single room, having but one entrance or exit, and that opening upon a public business street. It may be that the door to the cellar was not an entrance or exit. On that point we express no opinion, but hold that the door, in connection with the outside cellar door, was an exit or entrance to the room, and does not comply with the statute. *Ritchie v. Zalesky,* 98 Iowa, 589. Again, in view of the outside entrance to the cellar, there were two rooms in which the business was conducted. The fact that one was under the other, instead of being by the side of it, is not important. There were two rooms, each having an entrance and exit of its own, and the two were connected by the cellar door. *State v. Bussamus,* 108 Iowa, 11. The agreed facts leave little room for discussion. We are satisfied, however, that defendant was not complying with the law as it is written, and that the decree should be, and it is, AFFIRMED.