W. H. H. GARRETT, Petitioner, v. CHARLES A. BISHOP, Judge.

Mulct Law:    "SINGLE ROOM" DEFINED.    A large room divided by a partition, so as to make a small storeroom off the bar room, in which are kept articles to be served for lunches to customers of the bar room, does not comply with Acts Twenty-fifth General Assembly, chapter 62, section 17, paragraph 3, providing that the business of selling liquors shall be carried on in a single room.

SAME.    The use of the cellar, which had an entrance from the street, for storing beer, in connection with the bar room, was a violation of such law.

Appeal:    ATTORNEY FEE:    Not granted on certiorari from discharge for contempt.    On certiorari brought to test the legality of an order discharging a defendant, and adjudging him not guilty of contempt in violating an injunction against selling liquors, plaintiff's motion to tax his attorney fees and costs could not be passed on, where no judgment had been rendered, and the defendant was not before the appellate court.

SATURDAY, JANUARY 19, 1901.

THIS is a certiorari proceeding brought to test the legality of an order discharging one George Conradi, and adjudging him not guilty of contempt in violating an injunction.—Annulled.

F. S. Dunshee for plaintiff.

J. L. Conrad for defendant.

WATERMAN, J.—The facts are all stipulated.    It appears that Conradi had been enjoined from selling, or keep-

ing for sale, any intoxicating liquors within the Ninth judicial district. He again engaged in business, claiming the protection of the mulct law. Information was filed by plaintiff, charging him with contempt in violating the injunction. It is conceded that Conradi is protected by the provisions of the mulct law (chapter 62, Acts Twenty-fifth General Assembly), unless because of the following facts, which appear in the stipulation; and the question submitted is, do these facts deprive him of legal protection in his business? Conradi's business was carried on in a large room, which was divided by a partition, so as to make a small storeroom opening off from the barroom. He sold no liquors in this storeroom, but de did use it in connection with his saloon, keeping therein the articles to be served for lunches to customers of his bar. The maintaining of this second room in connection with the saloon was a violation of the third paragraph of section 17 of said act. *State v. Bussamus,* 108 Iowa, 11. So, likewise, was the fact that he used the cellar, which had an entrance fromthe street, for storing beer. *Powers v. Klatt,* 111 Iowa, 357.

Furthermore, it is insisted by plaintiff that the voters' statement of consent under which Conradi was selling was not sufficient, in that it was not in compliance with the law. The statement of consent is the same as was involved in the case of *West v. Bishop,* 110 Iowa, 410, and the objections now made are identical with those urged in that case. We there held the statement insufficient, and, following that case, our holding now must be the same.

Our conclusion upon the record presented is that Conradi was guilty of contempt, and should have been so adjudged. Plaintiff's motion to tax his attorney's fees in this court cannot now be passed upon, for no judgment has been rendered, and the defendant, Conradi, is not before this court.—ANNULLED.