THE STATE OF IOWA v. D. D. DONAHUE, Appellant.

Intoxicating Liquors: PLACE OF SALE: INDICTMENT. In a prosecution for maintaining a place for the illegal sale of liquor, it is not necessary that the indictment negative defendant's right to sell or specify the violations of the law.

Sale of Liquor. SINGLE ROOM. Code, section 2448, which provides that selling or keeping for sale of intoxicating liquors shall be carried on in a single room, does not prohibit an opening into a refrigerator room which cannot be used either as an exit or place for buying or drinking liquor.

*Appeal from Jones District Court.*—HON. H. M. REMLEY, Judge.

SATURDAY, APRIL 11, 1903.

CONVICTION on indictment for illegal sale of liquor. Defendant appeals.—*Reversed.*

*Welch & Welch* for appellant.

*Chas. W. Mullan*, Attorney General, and *Chas. A. Van Vleck*, Assistant Attorney General, for the State.

McCLAIN, J.—It is not necessary, in an indictment for maintaining a place for the illegal sale of intoxicating liquor, to negative defendant's right to sell under the mulct law, nor to specify in what respect the mulct law has been violated by defendant in conducting his saloon. Code, section 2424. *Ritchie v. Zalesky*, 98 Iowa, 589; *State v. Van Vliet*, 92 Iowa, 476; *State v. Pressman*, 103 Iowa, 452; *Bartel v. Hobson*, 107 Iowa, 647. It is for the defendant in the first instance to introduce evidence of compliance with the conditions of the law. It was admitted by the prosecution that defendant was authorized to conduct a saloon under the provisions of the mulct law. Defendant sought to show a compliance with these provisions as to the method of conducting his saloon. There was evidence tending to show that he violated these conditions by selling to a person who was a drunkard. See Code, section 2448, paragraph 10. This question was properly submitted to the jury.

*1. PLACE of sale: indictment.*

But the court also submitted the question whether defendant had violated the conditions of the law by having, as a part of his saloon, an inner room, connected with the main room by a door other than the one used for entrance or exit from or to the public street. Section 2448, paragraph 4. On this point the evidence was clear and without conflict that in one corner of the room used as a saloon had been constructed what is called by the witnesses a refrigerating or cooling room, or ice box, the top of it below the ceiling of the main room, and the interior of it about nine by sixteen feet in size, less than six feet in height and connected with the main room by a door large enough to admit of a person entering

*2. SALE of liquor: single room.*

by stooping. This room had no windows nor ventilation, and was lined with zinc. In it, partitioned from the balance of the room by slats, was a rack in which ice was kept; this rack communicating with the outside by an opening about two feet square, through which blocks of ice were shoved into the rack when it was filled. Aside from this opening for the admission of ice and the door into the main room, neither the refrigerating room itself nor the rack had any connection with the outside. The room was used as a place for storing kegs of beer, being large enough, as one witness thought, to accommodate a carload of kegs. The kegs from which beer was being drawn for sale were also kept in this room, being connected with faucets from which the beer was drawn out back of the bar in the main room. In short, this so-called refrigerating or cooling room was simply a large ice box for the purpose of keeping beer cool while stored awaiting sale, and it was incapable of use for any other purpose.

The language of the Code describing the conditions imposed on those who are allowed by the mulct law to carry on the business of selling liquor, so far as having any possible application to this phase of the case, is as follows: "Said selling or keeping for sale of intoxicating liquor shall be carried on in a single room, having but one entrance or exit, and that opening upon a public street. The bar where liquors are furnished shall be in plain view from the street, unobstructed by screens, blinds, painted windows or any other device. There shall be no chairs, benches, nor any other furniture in front of the bar, and only such behind the bar as is necessary for the attendants." Code, section 2448, paragraph 4. Two objects seem to have been within the view of the legislature in using this language: First, to have all portions of the room used by those buying or drinking intoxicating liquors in the place open and visible; and, second, to prevent the maintenance of any exit from or entrance to the room

other than through one main opening to the public street. We have held that a second entrance or exit is prohibited although it may be in fact used only by the proprietor and his employes.   *State v. Gifford*, 111 Iowa, 648.   We have also held that a second door, opening into an office through which one could pass from the main room to the street otherwise than through the principal entrance is prohibited.   *Ritchie v. Zalesky*, 98 Iowa, 589.   In this last case some reference is made to a refrigerating room, but it was not directly held that the opening for entrance and exit, connecting that room with the saloon, was a violation of the statute.   We have also held that a door for entrance from and exit to a room or shed in which liquors were stored was a violation of the statute (*State v. Bussamus*, 108 Iowa, 11); and, further, that a door connecting the main room with a store room, in which were kept articles to be used for lunches, was a violation.   *Garrett v. Bishop*, 113 Iowa, 23.

In none of these cases has it been decided that to maintain, in connection with the main room, a refrigerating room, which by reason of its construction could not be used for any other purpose, was a violation of the statute.   It is to be noticed that the language of the statute does not refer to a door, but to an entrance or exit, and while it may be conceded that, if the entrance or exit is to another room, to which persons might resort for the purpose of buying or drinking liquor, there is a clear violation of the statute, even though there is not an outside door to such other room through which people may come and go, nevertheless we think that an opening into a refrigerating room, which cannot be used either as a passage way or as a place for buying or drinking liquor, is not prohibited. The same reasoning is applicable to the statutory language relating to publicity.   It is no doubt intended that there shall be no place where persons can be screened from the view of others in the room while buying or drinking liquor.

But the court went further in its instructions, and said: "The intention of the law is that there shall be no place about the saloon where any one can be concealed from full view of those who may be in the saloon or in front of the same." This statement is too broad as to the intention to be drawn from the language of the statute. The object seems not to be specifically to prevent a person from concealing himself, which he might do in an empty barrel or in a wood box, but from being enabled to buy or drink liquor while concealed. As the undisputed evidence shows that the cooling room could not be used by one buying or drinking liquor, it was improper to give an instruction to the effect that, if it might be used otherwise for the purpose of temporary concealment, it was a violation of the statutory provision. As this room was not objectionable on that account, nor as a means for entrance to or exit from the main room to the outside, the real purpose of the statute was not in any way violated, and in this respect there was no question for the jury.

We do not overlook the fact that the statute requires the selling or keeping for sale to be carried on in a single room. But this language should have a reasonable interpretation in determining what is a single room. In the case before us it appears that the so-called cooling room was constructed inside of the single room occupied by the defendant in carrying on his business. It was not, therefore, another room, but simply an appurtenance or adjunct within such room. The liberal construction which we are required to give to the statutes relating to the suppression of the illegal sale of intoxicting liquor does not make it necessary that we wholly ignore the manifest intention and purpose of the legislature in using the language employed, and give it a technical construction contrary to such intention and purpose. We think that defendant was carrying on the business of selling and keeping for sale intoxicating liquors "in a single room."

The action of the lower court in submitting to the jury the question of whether, as to the nature of the place where defendant's business was carried on, there was a failure to comply with the statutory conditions, was erroneous, and a new trial is granted.—REVERSED.