STATE OF IOWA EX REL. C. R. MILTENBERGER, Appellant, v. RONEY & FOUTCH, ET AL.

**Appeal:** TEMPORARY INJUNCTION. An appeal will lie from a refusal
1   to grant a temporary injunction.

**Intoxicating liquor:** PLACE OF SALE: RESTRICTIONS. The selling of
2   intoxicating liquor under the mulct law must be carried on in a single room having but one entrance or exit; and a rear entrance which may be, though not in fact used, is a violation of the statute.

*Appeal from Monroe District Court.*— HON. M. A. ROBERTS, Judge.

THURSDAY, FEBRUARY 14, 1907.

THIS is an action instituted by a citizen in the name of the State for the abatement of a liquor nuisance, in which a temporary injunction is asked. On the hearing of the application for a temporary injunction the trial court found that " the proof, while it shows some carelessness in the manner in which the saloon in question is conducted, yet it is insufficient to justify the granting of a temporary writ of injunction, and hence such writ is denied." From this ruling denying a temporary injunction, the plaintiff appeals.— *Reversed.*

*Mitchell, Tomlinson & Price,* for appellant.

No appearance for appellee.

McClain, J.— It does not appear from the record that any final decree has been entered, but the plaintiff has the right to appeal from the refusal of the court to grant a preliminary injunction. Code, section 4101; *Donnelly v. Smith*, 128 Iowa, 257. In the absence of an argument for the defendants, it will serve no useful purpose to elaborate the objections made to the action of the trial court.

It appears from the record that defendants, although entitled under the provisions of the mulct law to operate a saloon, violated the requirement of Code, section 2448, that the selling or keeping for sale under the mulct law " shall be carried on in a single room having but one entrance or exit." The members of defendant firm testified on the hearing that the room in which the business was carried on had a back door in addition to the regular entrance opening on the public street, and that this back door was not used, and had not been used, for any purpose, save sometimes for ventilating purposes; that this back door is so located that the distance to the ground from the doorsill is about three feet; and that there are no steps of any kind, or other means of getting from the ground up into said building from the outside. This testimony corroborates rather than contradicts the testimony of a witness for plaintiff that the saloon had a back door which was not at all times kept locked, but could be opened by merely raising the latch, and which might be used for entrance or exit. It is immaterial whether such rear door was, in fact, used or was convenient for use in leaving or entering the defendants' saloon. It is enough that it could be so used, and we may certainly take judicial notice of the fact that a step of three feet is not impossible to an ordinarily able-bodied man. The statutory requirement that the saloon business shall be carried on in a single room having but one exit or entrance has been strictly applied. *State v. Gifford*, 111 Iowa, 648; *Bell v. Hamm*, 127 Iowa, 343; *State v. Donahue*, 120 Iowa, 154. The court

should have granted a temporary injunction as prayed, and ﹐ its refusal to do so was error.

The ruling refusing the temporary injunction is therefore *reversed*.

---

WɪʟʟɪᴀM H. MᴄIɴᴛɪʀᴇ, Appellant, v. Mᴀʀsʜ W. Bᴀɪʟᴇʏ, Guardian, Appellee.

**Insane persons:** ʀᴇᴍᴏᴠᴀʟ ᴏғ ɢᴜᴀʀᴅɪᴀɴsʜɪᴘ ᴘʀᴏᴄᴇᴇᴅɪɴɢs. An insane person cannot of his own volition change his domicile, and where a guardian has been legally appointed in one county the court will not order a transfer of the proceedings to another county in which the ward has no property, especially where there is objection by the guardian and relatives.

**Guardian and ward:** ʀᴇᴍᴏᴠᴀʟ ᴏғ ɢᴜᴀʀᴅɪᴀɴ: ɢʀᴏᴜɴᴅs. The guardian of an insane person who fails to make the annual report required by law; loans his ward's money without authority of court and in his own name; commingles the same with funds of his own and others; and toward whom the guardian has an xtreme feeling of hostility, should be required by the court to account and should be removed from office although bad faith is not shown, his bondsmen responsible, and it is the custom in that county to make loans without authority of court.

**Removal of guardian:** ᴀᴘᴘᴏɪɴᴛᴍᴇɴᴛ ᴏғ sᴜᴄᴄᴇssᴏʀ. The Supreme Court upon adjudging on appeal that a guardian should be removed will not appoint a successor, but will remand the matter to the district court for proper order of removal and appointment.

*Appeal from Washington District Court.*— Hoɴ. W. G. Cʟᴇᴍᴇɴᴛs, Judge.

Tʜᴜʀsᴅᴀʏ, Fᴇʙʀᴜᴀʀʏ 14, 1907.

Tʜɪs ɪs an action for the removal of defendant as guardian of plaintiff, who is a person of unsound mind; for the appointment of another as guardian for him; and for the transfer of the guardianship proceedings to the district court of Jefferson county. Plaintiff's petition was denied, and he appeals.— *Affirmed* in part. *Reversed* in part.