A. PUMPHREY, Plaintiff, v. D. M. ANDERSON, Judge.

Intoxicating liquors: MULCT SALOONS: REGULATIONS: LIST OF EMPLOYES.
The statute requiring those operating a mulct saloon to file with the county auditor a list of all persons employed about the place of business includes not only regular barkeepers but all other persons in whatever capacity employed.

*Certiorari to Wapello District Court.*

FRIDAY, FEBRUARY 12, 1909.

THIS is an original action instituted in this court for the purpose of having determined the legality of the order of defendant, as district judge, refusing to hold one James Beaty guilty of contempt of court on an information filed by this plaintiff as relator, charging said Beaty with violating an injunction and decree of the district court of Wapello county, restraining him from keeping, storing and selling intoxicating liquors in violation of law on certain premises in Ottumwa by unlawfully keeping and selling intoxicating liquors.—Order *annulled.*

*E. R. Acres* and *M. S. Odel,* for plaintiff.

*Smith & Lewis,* for defendant.

McCLAIN, J.—The injunction which James Beaty, defendant in the contempt proceedings, was charged with violating, restrained him from keeping and selling intoxi-

cating liquors in violation of law in Ottumwa, in which
city the mulct law was in force, and said Beaty was au-
thorized to sell so long as he complied with the provisions
of said mulct law.   The sole question in the contempt pro-
ceedings was whether said Beaty had, in the method of con-
ducting his place of business, so violated the provisions of
the mulct law as to forfeit his right to continue said busi-
ness.  The violation relied upon as constituting a forfeit-
ure of the right to continue the business, so that subsequent
sales were contrary to the terms of the injunction decree,
consisted in failure to file with the county auditor a list
of names of all persons employed about the place, and
permitting persons behind the bar whose names were not
thus listed with the county auditor.   See Code, section
2448, par. 4.   It appeared from Beaty's own testimony in
the contempt proceedings that he employed porters and
other workmen temporarily, from time to time, to clean
up his place of business during business hours and wash
up the bottles and glasses back of the bar, that these per-
sons did go behind the bar in this employment, and that
their names were not listed with the county auditor, but
that these persons were not authorized to, and did not, sell
or handle liquor behind the bar or otherwise.   We think
that the provision of the statute with regard to having
employees about the place who are allowed to go behind the
bar, and whose names are not listed with the county audi-
tor, extends, not only to the regular barkeepers, but to any
persons employed about the place for any purpose.   The
object of the statute evidently is to prevent the employ-
ment of persons about the place, and especially behind the
bar, who may be in situation to handle liquor, whether
they do so with or without authority.   In other words, the
authority which may be given to such employee by the per-
son conducting the place is not the test for determining
whether their names should be listed with the county
auditor.   The act of Beaty in having about his place em-

ployees whose names were not listed as required by the statute was, in our judgment, a violation of the statute, and therefore a violation of the injunction which had been issued restraining Beaty from unlawfully conducting his business, and the trial court should have punished him for contempt.

The action of the defendant in refusing to adjudge Beaty guilty of contempt was unauthorized, and is therefore *annulled*.