H. H. SAWYER v. JOHN F. OLIVER, District Judge.

Contempt: VIOLATION OF INJUNCTION: EVIDENCE: DECREE VIOLATED. In a contempt proceeding for the violation of an injunction restraining the illegal sale of liquor, if the attention of the court is directed to a certified copy of the recorded decree attached to the information it is sufficiently identified, although the decree is not formally offered in evidence or referred to in an agreed statement of facts, except by reciting that the contempt is alleged to have been committed in a certain action in which an injunction was granted against defendant on a certain date.

Intoxicating liquors: MULCT SALOON: SINGLE ROOM. Under the statute a mulct saloon must be conducted in a single room with but one exit or entrance; and the keeping of beer in the basement under the sales room, drawn by means of pipes through the floor to faucets above where sales are made, is a violation of the statute, even though there is no means of access to the basement within the building.

*Certiorari to Woodbury District Court.*—HON. JNO. F. OLIVER, Judge.

THURSDAY, OCTOBER 28, 1909.

THE information, charging Gibson with contempt of court, recited that in an action, entitled "H. H. Sawyer against Sam Gibson," wherein an injunction was asked enjoining the latter from using described premises as a place for trafficking in intoxicating liquors, or keeping the same for that purpose, was pending in the district court of Woodbury County May 31, 1907, and, on hearing, a decree so enjoining defendant was entered of record, a copy thereof duly certified by the clerk of the court being attached to the information, and accused him of having sold and permitted the sale of intoxicants on the

premises since.   The accused was brought before the
court, issue joined, and the cause submitted on an agreed
statement of facts, headed by the recital that: "This is
a proceeding for contempt alleged to have been committed
by the defendant, Sam. Gibson, in an action for injunc-
tion in this court, being No. 24,111 equity, wherein the
plaintiff, H. H. Sawyer, was plaintiff, and the defendant,
Sam. Gibson, was defendant, in which action it is alleged
an injunction was granted on the 31st day of May, 1907,
against said defendant." It was then agreed: That the
accused had operated a saloon and engaged in the sale of
intoxicating liquors at the place described in the infor-
mation.   That he, said defendant, stored the beer which
was drawn from kegs, half barrels or barrels, in an ice
box in the basement of said building, from which box
pipes extended through the floor to faucets in the saloon
above, from which faucets the beer was drawn, and not
otherwise.   That the said beer was carried down a stair-
way outside of said building through a door in the base-
ment and was there stored in said ice box, and when said
receptacles of said beer were empty they were removed
from said ice box and taken out through said basement
door to the street.   That said defendant paid to the city
of Sioux City, Iowa, for the privilege of selling sand-
wiches in his said place of business, a tax known as a
"license," and was granted a permit therefor by said
city.   That there was no way of passing from said saloon
into said ice box, and when a tap was to be made some
one regularly employed in and about said premises was
required to pass out of the front and only entrance to
said saloon, go down said stairway, pass through the door
of the basement, and enter said ice box in order to make
the tap, and then return by the same route reversed.   That
no one save regular employees of said saloon or this de-
fendant entered said basement or said ice box, and then
only for the purpose hereinbefore set forth, and at no time

or under no circumstances was said basement or said ice box used as a place for the sale of, disposing of in any manner, handling or otherwise illegally trafficking in intoxicating liquors, or in permitting the same to be done by any one. The accused was discharged, whereupon writ of certiorari was on proper showing issued and return thereto made exemplifying the record as stated. Order discharging accused *annulled.*

*John F. Joseph,* for plaintiff.

*T. P. Murphy* and *Wilbur Owen,* for defendant.

Ladd, J.—I. The decree permanently enjoining the accused from unlawfully engaging in or keeping for sale intoxicating liquors was not introduced in evidence and was not referred to in the agreed statement of facts otherwise than by reciting that the contempt was "alleged to have been committed by the defendant, Sam. Gibson, in an action for injunction in this court, being No. 24,111 equity, wherein the plaintiff, H. H. Sawyer, was plaintiff and the defendant, Sam. Gibson, was defendant, in which it is alleged an injunction was granted on the 31st day of May, 1907, against the defendant;" but this was enough to direct the attention of the court to the duly certified copy of the decree, as entered of record, attached to the information filed, and of which it was an accurate description. Though the presentation of a certified copy of the decree as a basis of a precept may not be essential as in other cases (section 4372, Code), when this is done, and such decree is identified by the evidence or stipulation of facts as the one alleged to have been violated, it is sufficiently before the court without being formally introduced in evidence. *Haaren v. Mould, Judge,* 144 Iowa, 296.

1. Contempt: violation of injunction: evidence: decree violated.

II.   The accused kept the beer to be sold in an ice box located in the basement immediately below the single room in which he conducted the saloon.   There was

**2. INTOXICATING LIQUORS: mulct saloon: single room.**

no door between the two, but pipes tapped the receptacles below and extended through the floor to faucets in the saloon, from which the beer was drawn as sold.   When a keg or barrel became empty, an employee passed out of the front door of the saloon, and down an outside stairway to the basement, removed the empty and attached the pipe to another.   The kegs and barrels were taken to the ice box by way of the stairway through the outside door into the basement, and the empties taken therefrom by the same route.   No one save employees entered the basement, and they for the purposes mentioned only.   The method pursued doubtless was convenient, but unfortunately was expressly prohibited by law.   A bare recital of the facts demonstrates that the accused was making use of two rooms in which to transact the business, the one in which to sell and the other to store the liquors for sale; whereas, the statute requires that the business be transacted in a single room with but one exit or entrance.   *Powers v. Klatt,* 111 Iowa, 357; *Garrett v. Bishop,* 113 Iowa, 23; *State v. Bussamus,* 108 Iowa, 11; *State v. Donahoe,* 120 Iowa, 154; *State v. Gifford,* 111 Iowa, 648; *Jones v. Byington,* 128 Iowa, 397; *Bartel v. Hobson,* 107 Iowa, 644; *Bell v. Hamm,* 127 Iowa, 343.

The order discharging the accused is *annulled.*