PETER JOHANNSEN, Plaintiff, v. WILLIAM HUTCHINSON, Judge, Defendant.

**Intoxicating liquors:** USE OF MORE THAN ONE ROOM. The business of conducting a mulct saloon can not be carried on in two separate rooms, although one is used for the purpose of storage while sales are made exclusively from the other; but where a dealer was simply moving his stock from one location to another, in the ordinary course of the lawful transfer of his business to a new location, he was not violating the law prohibiting the conducting of a saloon in more than one room, by reason of the fact that removal of his entire stock was not simultaneous.

**Same:** MORE THAN ONE ENTRANCE. A trap door in the floor of a room used for the sale of intoxicating liquors, which is securely and permanently closed and fastened and used for no purpose in connection with the business, is not a second entrance or exit to the room, within the meaning of the statute.

**Same:** LISTING OF EMPLOYEES. A person employed in but a single instance in transporting liquor to a mulct saloon for lawful sale is not an employee required by the statute to be listed with the county auditor.

*Certiorari from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

WEDNESDAY, JULY 5, 1911.

CERTIORARI to review an order and judgment made and entered by defendant as judge of the district court of Woodbury County finding plaintiff guilty of an alleged contempt in violating the terms of an injunction.—*Annulled.*

*Kass Bros.* and *Henderson & Fribourg,* for plaintiff.

*John F. Joseph,* for defendant.

McCLAIN, J.—In March, 1908, a decree was entered agains this plaintiff in the district court of Woodbury County perpetually enjoining him from illegally selling or keeping for sale intoxicating liquors within the Fourth Judicial District of Iowa.    In October, 1909, an information for contempt in violating said decree was filed against this plaintiff in the same court, and on April 21, 1910, an amended information for contempt was filed in the same proceeding.    So far as it is necessary to notice the allegations on which this plaintiff was in that proceeding found guilty of contempt the charges were contained in the amended information just referred to, and consisted of carrying on the business of operating a mulct saloon in two rooms, in a room having more than one entrance, and without having filed a proper list of employees with the county auditor.

Without any substantial dispute in the evidence it appears that on and prior to April 14, 1910, this plaintiff under proper resolution of consent of the city council, authorized by general. statement of consent held sufficient by the board of supervisors, was engaged in operating a mulct saloon in a certain room described as No. 2525, Correctionville Road, in Sioux City, and that on the next day under a new resolution of consent which revoked the previously existing resolution or permit, he commenced to conduct a mulct saloon in the adjoining room of the same building, such room being designated as No. 2523, Correctionville Road; and that when the officers under a search warrant made a raid on these two premises on the morning of April 15, they found this plaintiff engaged in removing his stock of liquors from No. 2525 where some of the barrels containing his stock were still located to No. 2523 where he was engaged in the business of making sales.    There is no evidence that after April 14 any sales were made in Room No. 2525, nor that in respect to selling or keeping for sale in more than one

room plaintiff was violating the law unless as above indicated. With reference to room No. 2523 having more than one entrance or· exit, it appears without controversy that in· the floor of the room there was a trapdoor giving access to a basement or cellar not occupied for any purpose, and in which no intoxicating liquors were stored or kept; that this trapdoor which had been securely fastened by nailing it down had on the morning of the 15th been pried open by the plumbers who had gone into the cellar for the purpose of making proper plumbing connections with the room above and was found open by the officers, but that after the search was concluded the trapdoor was again securely nailed down by the plaintiff.

With reference to the listing of employees with the county auditor, it appears that one Satter was employed by the plaintiff on the morning of April 15 in removing the stock of liquors from No. 2525 to No. 2523 and was not otherwise employed or engaged by plaintiff in conducting his business in the latter room, and that Satter was not listed with the county auditor as an employee of plaintiff.

The provision of the statute relied upon as rendering the conduct of his business unlawful on plaintiff's part in the three particulars above indicated is as follows: "Said sale or keeping for sale of intoxicating liquors shall be carried on in a single room having but one entrance or exit and that opening upon a public street. . . . List of names of all persons employed about the place shall 'be filed with the county auditor and no person shall be permitted. behind the bar except those whose names are so listed." Code, section 2448, subd. 4.

I. It is unlawful under this statute for one conducting a mulct saloon to use two rooms in carrying on his business, although one of such rooms is used exclusively for the purpose of storage of the stock while sales thereof are made exclusively

1. INTOXICATING LIQUOR: use of more than one room.

from the other room.  *Sawyer v. Oliver, Judge,* 144 Iowa, 382; *Bell v. Hamm,* 127 Iowa, 343; *Jones v. Byington, Judge,* 128, Iowa, 397; *State v. Donahue,* 120 Iowa, 154.

But this plaintiff was not conducting his business in this manner.  He had in room No. 2525 a portion of his stock of liquors which he was removing in the ordinary course of the lawful transfer of his business from one place to another, a portion of his stock of liquors; but he was not using room No. 2525 as a place for the storage of liquors in the regular conduct of his business in Room No. 2523. This is made clear by the testimony of the officers themselves to the effect that they found the employees of plaintiff engaged in removing barrels of liquor from No. 2525 to No. 2523 while a new tenant was installing the stock and fixtures of a butcher shop in No. 2525.  In short it appears that the barrels of liquor were simply in transit to their destination in room No. 2523, where plaintiff was lawfully engaged in carrying on a mulct saloon.  We can not think that under these circumstances any violation of the statute was made to appear.

II.   Under the evidence we think there was no violation of the statute in having a trapdoor in the floor of room No. 2523 which was securely and permanently fastened.  For a temporary purpose such trapdoor had been pried open and used by workmen as a means of gaining access to the cellar for a proper purpose.  Such trapdoor was not within the meaning of the statute an entrance or exit of the room which had the usual door for entrance and exit on a public street.  The case is clearly distinguishable in its facts from those cases in which it has been held that the maintenance of a second door through which entrance or exit might be had to and from the room by persons purchasing or desiring to purchase intoxicating liquors is in violation of the statute although the door is not commonly used for

2. SAME:
   more than
   one entrance.

such purpose. *State v. Gifford,* 111 Iowa, 648; *State v. Roney,* 133 Iowa, 416.

III.    The evidence does not show that Satter was employed by plaintiff about the place where he was selling or keeping for sale intoxicating liquors. Certainly a person

3. SAME: listing of employees.

who is employed in one particular instance only in transporting liquor to a mulct saloon for lawful sale is not such an employee as is by the statute required to be listed with the county auditor.

We find no violation of the injunction on the part of plaintiff to have been shown by the evidence, and the order of the defendant as judge finding plaintiff to have been guilty of contempt was erroneous. The judgment complained of is therefore *annulled.*