M. E. REUSCH, Appellant, v. ALFRED LOSERTH and Certain Property.

Intoxicating liquors: NUISANCE: INJUNCTION: ABATEMENT OF ACTION. A suit to enjoin a liquor nuisance may be instituted and maintained by any citizen of the county, and it will not be

abated simply because plaintiff's attorney employed detectives, who were paid by an organization not incorporated in that county, to obtain evidence against defendant, and because plaintiff's attorney, a non-resident of the county, received the fees collected of defendants in that class of actions.

Same: MULCT SALOON: SINGLE ROOM. A saloon room with a street entrance and a small addition on the rear opening into the main room, and used in connection therewith as a toilet room, and having an outside window large enough to admit a person, is not in compliance with the statute providing that the business shall be carried on in a single room, having but one entrance or exit.

Same: USE OF FURNITURE: EVIDENCE. The evidence in this action is held to show that defendant violated the law by keeping a chair in the saloon room and permitting its use therein by a customer.

Same: TAXATION OF COSTS. In the absence of a showing that a suit to restrain a liquor nuisance was brought maliciously and without probable cause the costs should not be taxed to plaintiff.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

THURSDAY, JANUARY 16, 1913.

PLAINTIFF brought this action to enjoin an alleged liquor nuisance. After trial, plaintiff's petition was dismissed on the merits, and the costs taxed to plaintiff. The plaintiff appeals. —*Reversed.*

*M. S. Odle,* for appellant.

*Poor & Poor* and *C. H. Mohland,* for appellees.

PRESTON, J.—Plaintiff's petition alleged that he was a citizen of Des Moines county, and stated in a general way that defendant was illegally selling and keeping for sale intoxicating liquors in his property in the city of Burlington, which property was described. Defendant's motion for a

more specific statement was sustained, and plaintiff was required to state wherein it was claimed defendant was violating the law. Plaintiff amended, and charged, in substance, the making of sales from day to day in the place, and that defendant permitted benches and chairs in front of the bar, and that the business was not conducted in a single room having but one entrance and exit, and alleging some other matters of which there is no evidence. Defendant in his answer alleged that there had been a written statement of general consent to the sale of liquor in said city, which petition had been held sufficient by the board of supervisors, that defendant had complied with the provisions of the mulct law, and pleaded these facts in bar of this action; denied that he had in any wise violated the law as alleged. By an amendment to his answer, the defendant set up a plea in abatement to this effect: That whilst he admits that M. E. Reusch is a resident of Des Moines county, and that he is the nominal plaintiff, defendant alleges that this suit is not being maintained and prosecuted by said Reusch; that it was instituted, and is being maintained, controlled, and prosecuted by other persons, and an association of persons, none of whom are residents or citizens of said county.

I. The evidence shows that plaintiff's attorney employed detectives, who were paid by the Anti-Saloon League, to obtain evidence as a basis for the prosecution of a large number of such cases in Burlington, and that he received all the fees made off defendants; that he is not a citizen of Des Moines county, and that the Anti-Saloon League is not incorporated in said county. This is, in substance, the basis of defendant's claim that the suit should abate, because it is not, as he claims, being prosecuted and maintained by the real party in interest. The statute does provide as to actions generally that they must be prosecuted by the real party in interest, but one of the exceptions to this statute is where a party is expressly authorized by statute to sue. Code, section

1. INTOXICATING LIQUORS: nuisance: injunction: abatement of action.

3459. Section 2406 expressly authorizes a citizen of the county to institute and maintain an action of this kind. Plaintiff was a -citizen of the county, and he has not withdrawn from the case. We think there is no merit in this claim of defendant.

II. The undisputed evidence shows that at the rear of the saloon room a shed, or toilet room has been built, the size of which is about five by six feet. There is a door between this room and the saloon room. There is an out-

2. SAME: mulct saloon: single room.

side window three feet square in this shed or toilet room, fastened by a nail, which is loose. Defendant's witness Hartman says a person can climb out of the window. There was an outside door to the street in the front part of the saloon. No liquors were sold or stored in the toilet room. The statute provides that the business shall be carried on in a single room having but one entrance or exit. This requirement has been strictly applied. *State v. Roney,* 133 Iowa, 416. It was said in *State v. Bussamus,* 108 Iowa, 11, that this statute excludes an entrance or exit from or into any other room. Had the Legislature intended the use of a room, large or small, in which to store liquors, or for any other purpose, in connection with, and opening into the single room, this would have been mentioned, rather than guarded against. It is the existence of an entrance or exit other than that allowed which is condemned, and not its use for any particular purpose. *State v. Gifford,* 111 Iowa, 648. This is not like the ice box case, where the ice box was kept entirely in the one room. *State v. Donahue,* 120 Iowa, 154; *Tuttle v. Carraher,* 158 Iowa, 200, decided at this term.

III. The evidence is substantially without conflict that defendant kept, or permitted, a chair for the use of customers in front of the bar. One Tuttle, a witness for plaintiff, testi-

3. SAME: use of furniture: evidence.

fied that on October 3d he visited defendant's saloon, and bought beer and ate some lunch there; that there was a chair in front of the bar in the room; that there was a man sitting in the chair who was not the proprietor, and not the man who waited

on the witness at the bar; that he judged the man to be a customer; that it was an ordinary kitchen chair, and was about the middle of the room in front of the bar; that he also visited the saloon on October 24th. Witness Bartlett testified for plaintiff that he visited defendant's saloon on October 24, 1910, and saw Mr. Tuttle drinking and saw him eat the lunch, saw a man sitting in the chair, and that the chair was in front of the bar. A witness for defendant testified that he had been in defendant's saloon and passed by it often, that he never saw any benches or chairs in the place, but he does not fix any date or pretend to say he was in or by the place on October 3d and 24th, the dates testified to by the plaintiff's two witnesses. There can be no question as to the chair being in the saloon and used contrary to law. Neither defendant nor his employees deny, or explain, in reference to the chair.

IV.    The record does not show that the action was brought maliciously, or that it was brought without probable cause, so that the costs should not have been taxed to plaintiff. Code,

4. SAME: taxa-    section 2412. There should have been a decree
tion of costs.    for plaintiff. The trial court erred in dismissing plaintiff's petition. The cause is reversed, and remanded for a decree in harmony with this opinion, or plaintiff may at his election, have a decree in this court.—*Reversed.*